IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES T. DRABIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09 C 0028 |
| v. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| MARY LYNN DRABIK, ) | |
| MARY SUZANNE RICHARDS, ) | |
| MARY ELIZABETH SMITH, and ) | |
| MARY KATHERINE PAUL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case concerns a dispute between a brother on the one side and his sisters on the other over their mother's estate and their aunt's finances. The brother has filed suit against his sisters, charging them with defamation as a result of a series of letters they wrote to other family members in which they accused their brother of, among other things, elder abuse, embezzlement, and perjury. He adds a count of conspiracy among the sisters, alleging that they have combined to prosecute a series of frivolous lawsuits against them. The sisters have moved for judgment on the pleadings under Fed.R.Civ.P. 12(c), arguing that: (1) any statements made in the letters were true; (2) the letters were merely reports about what was going on in court proceedings and so are subject to the litigation privilege; (3) the letters were published only to family members and so were not published to third parties; (4) their brother's description of their "one lawful action" against him – taking him to court – is insufficient to plead a conspiracy.

A motion for judgment on the pleading under Fed.R.Civ.P. 12(c) assumes that all well-pleaded allegations of the complaint are true and all reasonable inferences must be drawn in favor of the non-moving party. *Scherr v. Marriott Intern., Inc.*, – F.3d –, –, 2013 WL 57857, 3 (7th Cir.

2013); *Fail–Safe, LLC v. A.O. Smith Corp.,* 674 F.3d 889, 892 (7th Cir.2012). The question is whether the complaint sets forth facts sufficient to support a cognizable legal theory. *Scherr*, 2013 WL 57857, 3; *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir.2007). The complaint in this case does, and for the following reasons, the sisters' motion for judgment on the pleading is denied. This is not a matter that can be resolved on the basis of the pleadings alone.

**1.**

The sisters contend the statements they made in the letters were true and so cannot be the basis of an action for defamation. But, not surprisingly, the veracity of their accusations against their brother cannot be determined from their brother's complaint. That's a matter to be proved – or disproved – with evidence.

**2.**

The litigation privilege is inapplicable here. The privilege is based upon "a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients." Restatement (Second) of Torts § 586 cmt. a (1977); *August v. Hanlon*, 975 N.E.2d 1234, 1247, 363 Ill.Dec. 925, 938 (2nd Dist.2012). Because the privilege provides complete immunity, its scope is necessarily narrow. *Edelman, Combs & Latturner v. Hinshaw & Culbertson,* 338 Ill.App.3d 156, 165, 273 Ill.Dec. 149, 788 N.E.2d 740 (2003). Thus, the privilege is available only when the publication: (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law. *Malevitis v. Friedman*, 323 Ill.App.3d 1129, 1131, 753 N.E.2d 404, 406-07, 257 Ill.Dec. 209, 211 - 212 (1st Dist. 2001)*; Kurczaba v. Pollock,* 318

Ill.App.3d 686, 702, 252 Ill.Dec. 175, 742 N.E.2d 425 (2000). The letters at issue here were, obviously, not part of a judicial proceeding – nor were they made to achieve the objects of any litigation – so the privilege does not apply.

The sisters also seem to assert that the fair-report privilege covers their letters. This privilege protects publications that fairly and accurately report an official action or proceeding. *Solaia Technology, LLC v. Specialty Pub. Co.*, 221 Ill.2d 558, 588, 852 N.E.2d 825, 843 (2006); ; *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 381 F.3d 717, 731 (7th Cir. 2004). To determine whether the privilege applies, the court must assess the accuracy of the report. *Solaia Technology*, 221 Ill.2d 558, 589-90, 852 N.E.2d 825, 84. Moreover, a reporter is not privileged to make additions of her own that would convey a defamatory impression or to indict expressly or by innuendo the veracity or integrity of any of the parties. *Solaia Technology,* 221 Ill.2d at 590, 304 Ill.Dec. 369, 852 N.E.2d 825. As with the sister's assertion of truth as a defense, the accuracy of the report in the sisters' letter cannot be determined from the complaint alone.[1]

---

[1] The sisters have attached a number of what they claim are court documents to their Rule 12(c) memorandum that they contend prove their letters were either true or at least fair accounts of court proceedings: their state court citation to discover their brother's assets, what appears to be the sisters' proposed order – not executed by any judge – submitted by their attorney in state court finding their brother in civil contempt for being late filing his accounting of his aunt's finances, a citation to discover assets drawn up by the sister's attorney charging their brother with misappropriating some of heir aunt's funds, and a couple of pages of transcript from a state court proceeding. If documents outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ." Fed.R.Civ.P. 12(c); *Church v. General Motors Corp.*, 74 F.3d 795, 798 (7th Cir. 1996). Here, we choose to exclude the documents. The documents are not authenticated under Fed.R.Evid. 901(a);(b)(7) and are inadmissible. Moreover, one cannot confer the fair report privilege on herself. *Missner*, 393 Ill.App.3d 751, 762, 914 N.E.2d 540, 551; *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 381 F.3d 717, 732 (7th Cir. 2004); *Kurczaba v. Pollock*, 318 Ill.App.3d 686, 708, 742 N.E.2d 425, 443 (1st Dist. 2000)("'A person cannot confer this privilege upon himself by making the original defamatory publication himself and then reporting to other people what he had stated. This is true whether the original publication was privileged or not.'")(quoting Restatement (second) of Torts, §611). Moreover, "[a] report of a judicial proceeding implies that some official action has been taken by the officer or body whose proceedings are thus reported. The publication, therefore, of the contents of preliminary pleadings such as a complaint or petitio, before any

(continued...)

**3.**

The sisters are correct that defamation entails publication of the defamatory matter to a third party. *Popko v. Continental Cas. Co.*, 355 Ill.App.3d 257, 264-65, 823 N.E.2d 184, 191 (1st Dist. 2005). But the sisters have no support for what seems to be their theory that there is a privilege for publishing defamatory statements to family members. A relative is a third party just the same as any other individual. Moreover, their brother's complaint alleges that they sent the letters to family members and others. (*Complaint*, ¶¶ 8, 9, 11, 20, 25, 31, 36, 42, 47).

**4.**

Next, the sisters contend that their brother's conspiracy claims fails because it is conclusory. To state a claim for civil conspiracy, [the] plaintiff must allege facts establishing both (1) an agreement to accomplish such a goal and (2) a tortious act committed in furtherance of that agreement. *Bober v. Illinois Workers' Compensation Com'n*, 2012 WL 6950278, 9 (1st Dist. 2012); *Farwell v. Senior Services Associates, Inc*., 970 N.E.2d 49, 58, 361 Ill.Dec. 49, 58 (2nd Dist. 2012). *Id.* Here, the complaint details the goals of the conspiracy (*Complaint*, ¶ 6), the agreement and how it was reached (*Complaint*, ¶ 7), and the acts of defamation and the filing of frivolous lawsuits. (*Complaint*, ¶¶ 7-59). The complaint is a plausible account of a conspiracy and nothing more is required. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007); *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). The sisters mistakenly seek to hold their brother to a fact-pleading

---

[1](...continued)
judicial action has been taken is not within the" fair report privilege. Restatement (Second) of Torts, §611, cmt. e. In other words, one cannot stand behind one's court filings alleging a failure to repay a $20,000 loan, the misuse of an ATM card, or failure to meet a deadline for an accounting and "report" that the target of those allegations has embezzled hundreds of thousands of dollars, committed perjury on more than one occasion, elder abuse,

standard of Illinois (*Brief in Support of Defendants' Motion*, at 11; *Pro Se Defendants' Reply*, at 4-7, 14), but it is they who chose to remove their brother's suit to federal court where a notice-pleading standard applies. *Christensen v. County of Boone, IL*, 483 F.3d 454, 466 (7th Cir. 2007). A case like *Lykowski v. Bergman*, 299 Ill.App.3d 155, 166 (1st Dist, 1988), upon which the sisters rely (*Pro Se Defendants' Reply*, at 10), has no place in a brief attacking pleadings in federal court. Because the sisters have moved this matter to federal court, they cannot demand that their brother plead an elaborately detailed set of facts.

**5.**

Finally, there is the sister's reply brief. It was due on January 30th. (Dkt. # 75). On January 28th – the day before it was due – the sisters filed a motion for a two-day extension of time. (Dkt. # 80). That would have made the new deadline February 1st. But the motion was never considered – and, of course, never granted – it was accompanied by a notice of what date it would be presented in court. *See* Local Rule 5.3(2)(b); (Dkt. # 84). Also, the sisters failed to provide a courtesy copy as required by Local Rule 5.2(f). Ironically, the reason the sisters gave for needing an extension was "to ensure full compliance with all Federal and Local Rules." (Dkt. #83). After all that, the sisters did not file their reply brief until February 5th, missing not only the actual deadline, but the extended deadline they were hoping for. As such, the reply brief will not be considered.

Even if it had been timely, here are more problems with the reply brief. In it, the sisters have added a number of arguments that they did not raise in their original motion. "A reply brief is for replying, not for raising new" arguments that were not raised in the opening brief. *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987)(Posner, J., concurring). The new arguments they raise in their reply brief are deemed waived. *Bodenstab v. County of Cook*, 569 F.3d

5

651, 658 (7th Cir. 2009); *United States v. Alhalabi,* 443 F.3d 605, 611 (7th Cir.2006). To save some time in future proceedings, however, it is worthwhile to note that defamatory statements are not protected by the First Amendment. Defamation – like fraud and obscenity – is categorically outside the reach of the First Amendment. *Ezell v. City of Chicago*, 651 F.3d 684, 702 (7th Cir. 2011). It is true that the First Amendment protects statements on matters of public concern that are not provably false, *Republic Tobacco*, 381 F.3d at 728, but a dispute among siblings over a family estate does not involve a matter of public concern. At least, it is not readily apparent that it does.

Moreover, the sisters fail to explain how their allegedly defamatory letters are protected under the Illinois Citizen's Participation Act. (*Pro Se Defendants' Reply*, at2, 11). The Act protects the right "to petition, speech, association, and participation in government." 735 ILCS110/15; *Sandholm v. Kuecker*, 962 N.E.2d 418, 429, 356 Ill.Dec. 733, 744 (2012). The letters at issue do nothing of the sort. In *Sandholm*, the Illinois Supreme Court explained that the Act is aimed at "only meritless, retaliatory SLAPPs[2] and did not intend to establish a new absolute or qualified privilege for defamation." *Sandholm*, 962 N.E.2d at 431, 356 Ill.Dec. at 746. The sister's letters were extraneous to their petitioning the court and, as just indicated, were alleged as defamatory in large part because they accused their brother of committing various crimes.

It is also a good opportunity to inform the sisters that, contrary to their opinion (*Pro Se Defendants' Reply*, at12), accusing someone of elder abuse or embezzlement or conversion *is* accusing them of a crime. *See Boyce v. Fernandes*, 77 F.3d 946, 948 (7th Cir. 1996)(discussing the crime of elder abuse); *People v. Curoe*, 97 Ill.App.3d 258, 273, 422 N.E.2d 931, 942 (discussing embezzlement as conversion of funds by a fiduciary). Perjury – another of their accusations – is a

---

[2] SLAPP is an acronym for strategic lawsuits against public participation.

crime as well. This is most likely obvious to the sisters, as they indicated in one of their letters that they thought law enforcement should be involved. (*Complaint*, ¶ 9).

## CONCLUSION

For the foregoing reasons, the defendants' motion for judgment [# 77] on the pleadings is DENIED. Nothing in this opinion should be taken to indicate that the court has any view about the ultimate merits of the case one way or the other. The decision is one addressed solely to the sufficiency of the pleadings.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 5/23/13